# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

DHARAMBIR SINGH,

    Petitioner,

vs.

DAVE MCDANIEL, et al.,

    Respondents.

No. C26-0003-LTS

**MEMORANDUM OPINION AND ORDER**

_____

Petitioner Dharambir Singh is an Indian national who entered the United States without inspection on or about June 28, 2019. Doc. 13-2. He has been in removal proceedings since August 28, 2019. On November 19, 2025, he encountered Immigration and Customs Enforcement (ICE) at the Jasper County Weigh Station near Mitchellville, Iowa, and was taken into ICE custody. Doc. 13-3. Singh requested a custody redetermination. An Immigration Judge (IJ) denied the request on December 11, 2025, due to lack of jurisdiction based on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Doc. 13-4. On January 22, 2026, the IJ denied Singh's request to reconsider, again finding the IJ lacked jurisdiction to issue bond. Doc. 13-5.

Respondents represent that Singh's detention is pursuant to the framework of 8 U.S.C. § 1225(b)(2) and he is therefore ineligible for bond. Singh seeks a writ of habeas corpus under 28 U.S.C. § 2241, contending that he falls within a class of aliens eligible for bond under 8 U.S.C. § 1226(a) and his ongoing detention violates due process. Doc. 1. He has also filed a motion (Doc. 2) and amended motion (Doc. 8) for preliminary injunction. Respondents have filed a response (Doc. 10) and Singh has filed a reply (Doc. 14). Oral argument is not necessary. *See* LR 7(c).

Respondents' own exhibits undermine their position that Singh is being detained under § 1225(b)(2) as an "alien seeking admission."[1] In the Notice to Appear dated August 28, 2019, Singh was charged as "an alien present in the United States who has not been admitted for paroled," leaving the box for "an arriving alien" unchecked. Doc. 13-2 at 1. *See also* Doc. 13-3 at 2 (noting the current administrative charges are "alien present without admission or parole" and citing Immigration and Nationality Act (INA) § 212(a)(6)(A)(i)). INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i), applies to "[a]liens present without admission or parole," not "arriving aliens," meaning detention falls under § 1226 and not § 1225(b)(2).

I have previously ruled that petitioners in similar situations do not fit the criteria of § 1225(b)(2). *See Giron Reyes v. Lyons*, 801 F. Supp. 3d 797 (N.D. Iowa 2025); *Chilel Chilel v. Sheehan*, No. 25-cv-4053, 2025 WL 3158617 (N.D. Iowa Nov. 12, 2025). I adopt the same reasoning here to find that Singh is not subject to mandatory detention under § 1225(b)(2).[2] Thus, respondents must provide Singh with a bond redetermination hearing upon his request.

As such, Dharambir Singh's habeas petition (Doc. 1) is hereby **granted** and respondents are **directed** to provide him with a bond redetermination hearing within **14 days** of the date of this order, at which he is not deemed ineligible for bond under 8 U.S.C. § 1225(b)(2). His motion (Doc. 2) and amended motion (Doc. 8) for preliminary injunction are denied as **moot**.

---

[1] Respondents cite no other basis for Singh's detention.

[2] I am aware of, and have reviewed, the contrary holding by a panel of the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb. 6, 2026). That decision is not binding on this court, nor do I find its reasoning to be persuasive. Unless and until binding authority dictates a different outcome, I will continue to apply my analysis from *Giron Reyes* and similar cases.

**IT IS SO ORDERED** this 10th day of February, 2026.

                     _____
                     Leonard T. Strand
                     United States District Judge