IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DHARAMBIR SINGH,<br><br>　　　　Petitioner,<br><br>vs.<br><br>DAVE MCDANIEL, et al.,<br><br>　　　　Respondents. | No. C26-0003-LTS<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

_____

On February 10, 2026, I entered an order (Doc. 16) granting petitioner Dharambir Singh's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and directing respondents to provide him with a bond redetermination hearing within 14 days of the date of the order, at which he is not deemed ineligible for bond under 8 U.S.C. § 1225(b)(2). That same day, I entered an order granting immediate release in another case. *See Singh v. Noem*, No. C26-12, 2026 WL 369922 (N.D. Iowa Feb. 10, 2026). In that case, petitioner Rashpal Singh, had previously been on release on a $7,500 bond without issue since approximately January 2023. *Id.* In this case, Singh had also requested immediate release from custody or, in the alternative, a bond redetermination hearing. Doc. 1 at 15. He has now filed a motion (Doc. 18) to reconsider and motion (Doc. 19) to enforce judgment. He has also filed the following exhibits:

- January 22, 2026 Bond Order (Doc. 22-1)
- January 22, 2026 Bond Motion (Doc. 22-2)
- Bond exhibits from February 12, 2026 hearing (Doc. 22-3)
- February 12, 2026 Bond Order (Doc. 22-4)

In compliance with my order (Doc. 16), a bond hearing was set for Singh on February 12, 2026. Doc. 19 at 3. He notes that he filed close to 100 pages of exhibits showing that he has a valid CDL, that he paid his taxes, that he had a financial sponsor

if released and that he was engaged to a United States citizen and missed his wedding date due to his detention. The Government produced form I-213, which had been filed at prior bond hearings. *Id*. The immigration judge (IJ) denied bond based on flight risk and danger, purportedly based on the nature of Singh's employment as a cross-country truck driver. *Id*. Singh argues the bond hearing was constitutionally insufficient and violated his right to due process.

Respondents have filed a resistance (Doc. 23) to both motions arguing that Singh's motions should be denied as they are procedurally improper and he seeks to have the court reweigh the evidence. They note that Singh's § 2241 petition was premised on the single basis that "the IJ's decision finding no jurisdiction for a bond redetermination hearing is an unconstitutional denial of Mr. Singh's liberty." Doc. 1 at ¶ 5. They note that they complied with the court's order by providing an individualized bond hearing on February 12, 2026, at which the IJ determined Singh was a flight risk.

In his petition and amended motion for preliminary injunction, Singh made no specific argument as to why the court should grant immediate release as opposed to a bond hearing. He did not cite any case law describing circumstances in which courts may grant one form of relief over another. In his petition, he stated he had previously requested a bond redetermination hearing, but an IJ refused to hold one citing lack of jurisdiction based on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). He noted that the IJ also indicated she believed Singh to be a danger to the community based on "evidence in the record" without further explanation and despite not holding a bond hearing. Doc. 1 at 2. He argued "[a]s applied to this case, the IJ's decision finding no jurisdiction for a bond redetermination hearing is an unconstitutional denial of Mr. Singh's liberty." Doc. 1 at ¶ 5. *See also id.* at ¶ 30 ("The IJ's refusal to hold a bond redetermination hearing for Singh violates his substantive and procedural rights to due process."). I granted Singh's petition with an order that he be provided a bond redetermination hearing upon his request.

In his motion to reconsider, Singh asks the court to reconsider his primary request for relief, which is immediate release. He argues his case is distinguishable from the case of a noncitizen released on a money bond where respondents believed there was some flight risk or danger mitigated by the posting of a bond. Doc. 18 at 2. He argues that because he was previously released on his own recognizance, respondents clearly believed he posed no flight risk or danger to the community and there has been no change in circumstances warranting his redetention. *Id.* Singh did not make such arguments in his petition or motion, instead focusing on the unlawfulness of the IJ's refusal to hold a requested bond redetermination hearing. Indeed, he made no specific arguments as to why immediate release was a more appropriate remedy over a bond redetermination hearing. I cannot consider such arguments now. *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015) (noting a motion for reconsideration "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."). Singh's motion to reconsider is denied.

As for his motion to enforce judgment, Singh advocates for immediate release or to hold a new bond hearing. The request for immediate release will be denied for the reasons set forth above and because immediate release was not part of the judgment Singh seeks to enforce. As for his request for a new bond hearing, Singh argues the IJ's denial of bond was arbitrary and capricious, contrary to due process and the result of a non-objective agency decision maker. He argues he was not given a meaningful opportunity to challenge his detention due to the burden of proof placed upon him by immigration court. Singh argues that contrary to applicable regulations, the burden should be placed on the Government to prove that the noncitizen is a danger or flight risk. He then argues the merits of the bond determination decision and that the Executive Office of Immigration Review (EOIR) is no longer an impartial adjudicator.

These issues are more appropriate for an appeal from the bond decision than a motion to enforce the judgment. The judgment declared that Singh was entitled to a bond redetermination hearing at which he was not deemed ineligible for bond under 8 U.S.C.

3

Case 1:26-cv-00003-LTS-KEM    Document 24    Filed 03/03/26    Page 3 of 4

§ 1225(b)(2). That bond hearing occurred and the IJ issued a decision. Thus, respondents have fulfilled their obligations under the judgment.

Singh received exactly what this court ordered: a bond redetermination hearing. He simply does not like the outcome of that hearing. Singh's complaints about the hearing are more appropriate for an appeal, which must go before the Board of Immigration Appeals rather than a federal district court. *See* 8 C.F.R. § 1003.38 ("Decisions of Immigration Judges may be appealed to the Board of Immigration Appeals as authorized by 8 C.F.R. § [1003.1(b)].").

For the reasons set forth herein, Singh's motions (Docs. 18, 19) to reconsider relief and enforce judgment are **denied**.

**IT IS SO ORDERED** this 3rd day of March, 2026.

_____
Leonard T. Strand
United States District Judge